IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:23-CR-00563-CMC-001 |
| | ) | |
| BOOKER TYRELL HENLEY | ) | |

### DEFENDANT BOOKER TYRELL HENLEY'S
### SENTENCING MEMORANDUM

Mr. BOOKER TYRELL HENLEY, pursuant to Fed. R. Crim. P. 32, respectfully submits the following position regarding sentencing. Mr. Henley submits that the following factors are relevant in support of a below-guideline sentence, but none of them are considered when calculating the sentencing guidelines. Mr. Henley respectfully reserves the remainder of his argument for the forthcoming sentencing hearing.

## I.     Sentencing Guidelines

This Court, pursuant to 18 U.S.C. § 3553(a)(4), must consider the "kinds of sentence and sentencing range established" by the sentencing guidelines. *Id.* Mr. Henley agrees that U.S. Probation correctly calculated the applicable sentencing guidelines range as follows:

Count One: Felon in Possession of a Firearm and Ammunition
Base Offense Level:              22
Adjustment for Obstruction:       +2

1

Adjusted Offense Level:               24

Count Two: Possession with Intent to Distribute a Quantity of Marijuana
Base Offense Level:                   6
Adjustment for Obstruction:           +2
Adjusted Offense Level:               8
Combined Adjusted Offense Level:      24

Count Three: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Five years imprisonment, *consecutive to any other term of imprisonment imposed.*

Combined Adjusted Offense Level:   24
Total Offense Level:               24
Criminal History Category:         VI (19)
Count Three:                       +60 months' imprisonment
Guideline Sentence:                160 months to 185 months
      (All Counts)

PSR ¶¶71-88

## II.    Statutory Sentence

This Court, pursuant to 18 U.S.C. § 3553(a)(3), shall consider the kinds of sentences available. At trial, a jury convicted Mr. Henley of knowingly possessing a firearm and ammunition affecting commerce in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e) (Count One); one count of possession with intent to distribute marijuana in violation of 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count Two); and one count of using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). PSR, ¶2-4.

Count One has a statutory maximum sentence of fifteen years, Count Two has a maximum statutory sentence of five years, and Count Three has a statutory minimum of five years and a maximum of life imprisonment. PSR, ¶101. Any custodial sentence for Count Three is to run consecutively with any other counts. *Id.*

## III.    18 U.S.C. § 3553(a)

### a. Nature and Circumstance of the Offense and History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

#### 1.  Nature and Circumstance of the Offense

Mr. Henley respectfully submits that there are no extenuating circumstances beyond what Probation discussed in the PSR.

#### 2.  History and Characteristics of Mr. Henley

Mr. Henley was born to a teenage mother. He has no assets, only obtained a high-school diploma, and is generally financially unstable. However, he is a small business owner and would like to develop the skills to make that a viable source of income. Mr. Henley financially provides for his young daughter, who is only seven years old. PSR, ¶89-92.

Extensive criminological research has shown strong family support to be a predictor of desistance from crime for defendants upon release, alongside stable work, transformation of identity, and aging. *See* Thomas J. Mowen, *et al.*, Family Matters: Moving Beyond "If" Family Support Matters to "Why" Family Support

Matters during Reentry from Prison, 56(4) J. of Rsch. In Crime and Delinq. 483; *see also* John H. Laub & Robert J. Sampson, Understanding Desistance from Crime, 28 Crime and Justice, 1 (2001). Therefore, providing Mr. Henley with opportunities in custody that will support his connection with family, offer employment opportunities post-release, and opportunities for personal growth will be paramount to his future desistence from crime.

### b. Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

Empirically, criminologists have shown that harsher sentences do not deter the public from committing crimes; instead, the certainty of getting caught has a more significant general deterrent effect. The fact that Mr. Henley was arrested and convicted will be the most deterrent factor of this case to prospective criminals—not the length or severity of his sentence. A sentence of 120 months will suffice for general deterrence. *See* Charles E. Loeffler & Daniel S. Nagin, *The Impact of Incarceration on Recidivism*, 5 Ann. Rev. of Crim 133-152 (2022).

### c. Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (18 U.S.C. § 3553(a)(2))

Mr. Henley respectfully submits that a sentence of 120 months will suffice to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Mr. Henley will spend over thirteen years in custody. By the time he exits prison, his daughter will be twenty years old; he will miss most of

4

her influential life milestones, like getting her driver's license, going to prom, and graduating high school. He will have to live with the knowledge that his actions caused him to be an absent father. Additionally, Mr. Henley's criminal record will significantly diminish any future earnings potential and will likely lead to a life of financial hardship. *See generally,* Terry-Ann Craigie *et al.,* Conviction, Imprisonment, and Lost Earnings: How Involvement with the Criminal Justice System Deepens Inequality, N.Y.U. (2020). These punishments are severe and provide just punishment for the offense.

Sentences above 120 months do not reduce recidivism rates (*see* section D), and custodial sentences afford no additional deterrence to the general public, so a sentence of 160 months would also sufficiently promote respect for the law.

### d. Need to Protect the Public from Mr. Henley's Future Criminal Conduct (18 U.S.C. § 3553(a)(2)(C))

The data shows little to no relationship between sentence length and recidivism rates. *See* Charles R. Breyer *et al., Length of Incarceration on Recidivism,* (2022) U.S. Sent'ng Comm'n. Any sentence over 120 months has the same recidivism rate. *Id.* In other words, statistically speaking, a sentence longer than 120 months does not affect whether Mr. Henley re-offends. Therefore, a sentence of 160 months, according to the U.S. Sentencing Commission data, has no more deterrent effect than a sentence of 185 months. *Id.* The government could spend the money it would use to incarcerate Mr. Henley where it is more impactful.

5

e. **Substance Abuse and Mental Health Treatment or Vocational Training (18 U.S.C. § 3553(a)(2)(D))**

Mr. Henley respectfully submits that he is open to any vocational training available while in custody to help his business take off once he is released.

f. **Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))**

During the last five fiscal years (FY2019-2023), insufficient defendants matched Mr. Henley's offense level and criminal history to provide sentencing statistics. Therefore, sentencing Mr. Henley to 120 months' imprisonment will not cause sentencing disparities.

g. **Need for Restitution and Victim Compensation (18 U.S.C. § 3553(a)(7))**

Restitution does not apply to this case. PSR, ¶117-8

## IV.     Letters In Support

Mr. Henley respectfully submits that he will supplement this memorandum with his letters in support. In those letters, the Court will see that these behaviors are out of character for him.

## V.     Request for Location

Mr. Henley respectfully requests to be placed as close to his family as possible.

## VI.    Conclusion

Based on the foregoing assertions and argument, Mr. Henley prays that the Court consider a custodial sentence of 120 months' imprisonment.

Date:        October 21, 2024

Respectfully submitted,

Serguel M. Akiti, Esq.
D.C. Bar # 1631134
sakiti@lowtherwalker.com

Murdoch Walker, H., Esq.
Ga. Bar # 163417
mwalker@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

s/James John Bannon
James John Bannon, Esq.
S.C. Bar No. 11364
jimbannon@bannonlawgroup.com

The Bannon Law Group, LLC
10 Westbury Park Way, Suite A
Bluffton, South Carolina 29910
843.865.8922
www.bannonlawgroup.com

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

UNITED STATES OF AMERICA )
)
v. ) 3:23-CR-00563-CMC-001
)
BOOKER TYRELL HENLEY )

## DEFENDANT'S VERIFICATION

I verify that I have discussed the instant memorandum with my attorney, Mr. Akiti, and that I consent to proceed with these arguments at sentencing.

_____
Booker Tyrell Henley
Defendant

10 / 22 , 2024

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:23-CR-00563-CMC-001 |
| | ) | |
| BOOKER TYRELL HENLEY | ) | |

## CERTIFICATE OF SERVICE

I certify that on October 18, 2024, I electronically filed the foregoing

DEFENDANT BOOKER TYRELL HENLEY'S SENTENCING MEMORANDUM

with the Clerk of the United States District Court for the District of South

Carolina by way of the CM/ECF system, which automatically will serve this

document on the attorneys of record for the parties in their case by electronic

mail.

Date:        October 21, 2024

Respectfully submitted,

*s/James John Bannon*
James John Bannon, Esq.
S.C. Bar No. 11364
jimbannon@bannonlawgroup.com

The Bannon Law Group, LLC
10 Westbury Park Way, Suite A
Bluffton, South Carolina 29910
843.865.8922
www.bannonlawgroup.com

9